TIMOTHY J. MCILWAIN, ESQ.
NJ ATTORNEY ID#010471996
2020 NEW ROAD
LINWOOD, NJ 08221
TEL: (877) 375-9599
FAX: (609) 450-7017
Email: AttorneyMcIlwain@Me.com

Attorneys for Plaintiff, Ellena Damarr-Faruq

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| ELLENA DAMARR-FARUQ,<br><br>*Plaintiff,*<br><br>Vs.<br><br>CITY OF PLEASANTVILLE, THROUGH ITS POLICE DEPARTMENT; AS WELL AS CHIEF OF POLICE SEAN RIGGINS, in his individual capacity, OFFICER REMON SOLMAN, in his individual capacity AND OFFICER GIOVANNY GARCIA, in his individual capacity and JOHN DOES 1 TO 5, inclusive<br><br>*Defendants.* | CIVIL ACTION NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

The plaintiff, Ellena Damarr-Faruq, a resident of Chapel Hill, North Carolina, by way of Complaint against the Defendants, says:

**INTRODUCTION**

This is a lawsuit for violation of civil rights inflicted upon Ms. Damarr. The Defendants used their positions to inflict emotional pain and trauma, fear and financial damages to Plaintiff.

## JURISDICTION

This case arises under 42 U.S.C. § 1983 and New Jersey law.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This Court has subject matter jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

## PARTIES

1. Plaintiff Ellena Damarr-Faruq ("Damarr"), a resident of Chapel Hill, North Carolina.

2. Defendant Officer Remon Soliman, who at all times relevant herein, was a Pleasantville police officer.

3. Defendant Officer Giovanny Garcia, who at all times relevant herein, was a Pleasantville police officer.

4. Defendant Chief of Police Sean Riggins for the City of Pleasantville, through its Department of Police.

## FACTS

5. On the evening of August 11, 2019, Plaintiff was at her brother's apartment with her 5 year old son located at 49 South Main Street in Pleasantville, New Jersey.

6. Plaintiff was outside of her brother's apartment so she could smoke a cigarette rather than inside the apartment where her 5 year old son was sleeping.

7. The individually named Police Officer defendants responded to the scene for a report of a suspicious person in the apartment building having difficulty returning to her brother's apartment.

8. Nevertheless, upon arrival, the individual police officers, without basis or provocation, brutally beat Plaintiff, restrained her, falsely imprisoned her and falsely charged her with disorderly conduct and resisting arrest.

9. As a result of the actions of the individually named Officers, Plaintiff has suffered severe emotional trauma as well as physical injury, loss of income and other expenses, which further discovery will detail.

10. The criminal charges against Plaintiff are still pending.

## COUNT I
## EXCESSIVE FORCE (42 U.S.C. § 1983)
## FOURTH AND FOURTEENTH AMENDEMENTS
## (AGAINST ALL DEFENDANTS)

11. Plaintiff repeats here the allegations of the previous paragraphs as if set forth at length herein.

12. The individually named Police Officer defendants, brutally beat Plaintiff without justification.  Defendant Officers punched and kicked Plaintiff although Plaintiff was at all times compliant and never resisted or refused any Officer's command.  This beating constituted excessive force against Plaintiff in violation of his Fourth and Fourteenth Amendment rights.

13. Defendants' use of excessive force caused Plaintiff physical injuries; pain and suffering; extreme emotional distress, fear, trauma, and humiliation.

14. The City of Pleasantville, through its police department, is required to properly train the individually named defendants to see to it that they exercise their law enforcement authority within safe and unconstitutional parameters.

15. The City of Pleasantville has been deliberately indifferent to the violent propensities of its police officers, as well as the individually named Officers in particular.

16. By virtue of the City of Pleasantville's deliberate indifference to the need for supervision and control of its officers, the individually named Officers expressed malicious, reckless and indifferent violence toward Plaintiff on the date in question.

17. As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

18. Plaintiff alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

19. As a direct and legal result of Defendants' acts and omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, attorneys' fees, costs of suit, loss of earnings, and other pecuniary losses not yet ascertained.

## COUNT II
## BATTERY
## (AGAINST ALL DEFENDANTS)

20. Plaintiff repeats here the allegations of the previous paragraphs as if set forth at length herein.

21. The individually named Police Officer defendants committed battery against Plaintiff when they brutally beat Plaintiff without justification. Defendant Officers punched and kicked Plaintiff although Plaintiff was at all times compliant and never resisted or refused any Officer's command.

22. Defendants' battery caused Plaintiff pain and suffering, extreme emotional distress, fear, trauma, and humiliation, bruises on her face and body, lacerations and abrasions on her face and body. Defendants either participated in or failed to prevent this misconduct.

23. As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

24. Plaintiff is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

25. As a direct and legal result of Defendants' acts and omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, attorneys' fees, costs of suit, loss of earnings, and other pecuniary losses not yet ascertained.

**COUNT III**

**VIOLATION OF 42 U.S.C. § 1983-DELIBERATELY INDIFFERENT POLICES, PRACTICES, CUSTOMS, TRAINING, AND SUPERVISION IN VIOLATION OF THE FOURTH, FOURTEENTH, AND FIRST AMENDMENTS AND IN VIOLATION OF 42 U.S.C. § 1981**

**(AGAINST DEFENDANT CITY OF PLEASANTVILLE ONLY)**

26. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

27. 42 U.S.C. § 1983 provides that:

    "Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress..."

28. Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

29. The Defendants to this claim at all times relevant hereto were acting under the color of state law.

30. Plaintiff had the following clearly established rights at the time of the complained of conduct:

    a. the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

    b. the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

    c. the right to exercise his constitutional rights of free speech under the First Amendment without retaliation;

    d. the right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981; and

    e. the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

31. Defendant Sean Riggins in his capacity as the Chief of Police for the City of Pleasantville knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

32. The acts or omissions of the Defendant Pleasantville, as described herein, deprived Ms. Damarr of her constitutional and statutory rights and caused her other damages.

33. The acts or omissions of Defendant Pleasantville as described herein intentionally deprived Plaintiff of her constitutional and statutory rights and caused her other damages.

34. Defendant is not entitled to qualified immunity for the complained of conduct.

35. Defendant Pleasantville is, at all times relevant, policymakers for the City and the Pleasantville Police Department, and in that capacity established polices, procedures, customs, and/or practices for the same.

36. Defendant Pleasantville developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Ms. Damarr's constitutional and federal rights as set forth

herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

37. Defendant Pleasantville has created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

38. In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

39. The deliberately indifferent training and supervision provided by Defendant Pleasantville resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant Pleasantville and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

40. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.  As a further result of the Defendants'

unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

41. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

42. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' above described ongoing deliberate indifference in polices, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the Internal Affairs Bureau of failing to investigate or appropriately handle complaints of the same, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages in an amount to be determined at trial;

B. For punitive damages against individual Defendants in an amount to be proven at trial;

C. For reasonable costs of this suit and attorneys' fees; and

D.     For such further relief as the Court may deem just, proper, and appropriate.

                         **McILWAIN LAW FIRM**
                         Attorneys for Plaintiff,
                         Ellena Damarr-Faruq

                         BY: _*Tim McIlwain*_ ,
                            Timothy J. McIlwain, Esq.
                            2020 New Road
                            Linwood, NJ  08221
                            Ph:  (877)375-9599
                            Fax: (609) 450-7017
                            Email:  Attorneymcilwain@me.com

Dated:  May 27, 2021

## DEMAND FOR TRIAL BY JURY

Under Rule 39(b) of the Federal Rules of Civil Procedure, Plaintiff EllenaDamarr-Faruq hereby demands a trial by jury as to all issues.

**McILWAIN LAW FIRM**
Attorneys for Plaintiff,
Ellena Damarr-Faruq


BY: _*Tim McIlwain*_ ,
　　　Timothy J. McIlwain, Esq.

Dated:  May 27, 2021