[ECF No. 57]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ELLENA DAMARR-FARUQ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PLEASANTVILLE POLICE DEPARTMENT, et al.,<br><br>Defendants. | Civil No. 21-11866 (KMW)(EAP) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs Ellena Damarr-Faruq, James La Marr, and TB Minor Child's ("Plaintiffs") Motion to Compel deposition testimony. ECF No. 57. The Court has received Defendants City of Pleasantville Police Department, Chief Sean Riggins, Officer Remon Solman, Officer Giovanny Garcia, and Officer Xzavier Evans's ("Pleasantville Defendants") letter in response. ECF No. 59. Plaintiffs have filed a letter reply. ECF No. 60. The Court has considered the parties' submissions and heard oral argument on the record. ECF No. 63. For the reasons that follow, Plaintiffs' Motion to Compel is **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This is a civil rights case arising out of the alleged beating of Plaintiff Ellena Damarr-Faruq, "without basis or provocation," by officers of the Pleasantville Police Department on the evening of August 11, 2019. Amended Complaint, ECF No. 25, ¶¶ 9, 13, 14. On March 22, 2023, Plaintiffs conducted the deposition of Captain Thomas J. Zyckowski ("Zyckowski"), the Rule 30(b)(6) designee of the City of Pleasantville, by Zoom video. Deposition Transcript of Thomas

J. Zyckowski ("Zyckowski Tr."), ECF No. 57-1.  During the deposition, Plaintiffs' counsel asked Zyckowski about "anything else that you reviewed" in preparation for the deposition.  *Id*. at 27:1-3.  Zyckowski replied that he recalled speaking with the Pleasantville Defendants' counsel.  *Id*. at 27:4-5.  Pleasantville Defendants' counsel objected to the question, invoked the attorney-client privilege, and instructed Zyckowski not to respond further about their verbal communications.  *Id*. at 27:6-19.  Plaintiffs' counsel contended that he was "permitted to know the communications that [Zyckowski] had with counsel or anyone in preparation" and noted opposing counsel's objection.  *Id*. at 27:21 to 28:1.

On May 26, 2023, Plaintiffs filed the present Motion to Compel, raising a variety of discovery disputes.  Plaintiffs' Motion to Compel ("Motion"), ECF No. 57.  Plaintiffs argue that the Pleasantville Defendants' counsel "improperly instructed the witness not to answer" by "asserting attorney-client privilege at the deposition."  *Id*. at 6.  On June 5, 2023, Pleasantville Defendants filed a letter in response, but the letter did not address the attorney-client privilege issue.  ECF No. 59.[1]  On June 8, 2023, Plaintiffs filed a letter in reply, arguing that facts discussed in preparation of a Rule 30(b)(6) witness are not protected by the attorney-client privilege.  ECF No. 60 at 1.  The same day, the Court heard oral argument on the record at a telephone status conference.  *See* Minute Entry, ECF No. 63.  Next, the Court issued an Order reserving a ruling on the attorney-client privilege issue but addressing the remainder of Plaintiffs' discovery disputes.  Discovery Dispute Order and Amended Scheduling Order, ECF No. 64, ¶¶ 1-3.[2]

---

[1]  Defendant RPM Development Group has not taken a position on Plaintiffs' Motion.
[2]  In this Order, the Court granted Plaintiffs leave to continue Zyckowski's deposition at a later date.  Discovery Dispute Order and Amended Scheduling Order, ECF No. 64, ¶ 1.

## ANALYSIS

"The attorney-client privilege protects communications between attorneys and clients from compelled disclosure. It applies to any communication that satisfies the following elements: it must be '(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client.'" *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007) (quoting Restatement (Third) of the Law Governing Lawyers § 68 (2000)).[3] "'Privileged persons' include the client, the attorney(s), and any of their agents that help facilitate attorney-client communications or the legal representation." *Id*. "The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney:

> [T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.

*Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) (quoting *City of Philadelphia, Pa. v. Westinghouse Elec. Corp.*, 205 F. Supp. 830, 831 (E.D. Pa. 1962)).

Pursuant to Federal Rule of Civil Procedure 30(b)(6), "a party may take a deposition of an individual who is designated to testify on behalf of a company, corporation or government agency. The testimony of a Rule 30(b)(6) witness is binding on the entity and goes beyond the individual's personal knowledge." *Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J. 2007); *see also Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006) ("In a Rule

---

[3] Pursuant to Federal Rule of Evidence 501, federal common law governs a claim of privilege except in a civil case for which state law supplies the rule of decision. In a case, such as this one, "which concerns material relevant to both federal and state claims, Rule 501 directs [the court] to apply federal privilege law." *Pearson v. Miller*, 211 F.3d 57, 66 (3d Cir. 2000); *see generally* Am. Compl., ECF No. 25.

30(b)(6) deposition, there is no distinction between the corporate representative and the corporation."). Accordingly, communications between an organization's counsel and its Rule 30(b)(6) witness may be shielded by the attorney-client privilege. *See, e.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 14-2058, 2015 WL 12953930, at *4 (N.D. Cal. July 22, 2015) ("If it appears that underlying facts cannot be separated from the privileged communications, then no Rule 30(b)(6) deposition should be granted on the underlying facts . . . .").

Here, the Court will deny Plaintiffs' Motion to Compel because Plaintiffs' counsel's questioning of Zyckowski sought to reveal communications with the Pleasantville Defendants' counsel that were covered by the attorney-client privilege. Plaintiffs correctly note that a Rule 30(b)(6) witness must provide responsive underlying factual information, even though such information was transmitted through an organization's attorneys. Pls.' Motion at 7 (citing *Sprint Commc'ns Co., L.P.*, 236 F.R.D. at 529). However, the deposition transcript reveals that Plaintiffs' counsel did not ask solely for the facts that Zyckowski reviewed before his deposition. Instead, Plaintiffs' counsel asserted that he was "permitted to know the *communications* that [Zyckowski] had with counsel or anyone in preparation." Zyckowski Tr. at 27:23-25 (emphasis added). Since Zyckowski's communications with the Pleasantville Defendants' counsel appear to have been made between privileged persons, in confidence, for the purpose of providing legal assistance to the City of Pleasantville, they are shielded by the attorney-client privilege. Therefore, the Pleasantville Defendants' objection to the question was proper and is sustained.[4]

---

[4] Federal Rule of Civil Procedure 30(c)(2) states that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Here, because the Pleasantville Defendants' counsel invoked the attorney-client privilege, it was proper to instruct Zyckowski not to answer. *See* Zyckowski Tr. at 27:11-19.

## CONCLUSION AND ORDER

For the reasons stated above, Plaintiffs' Motion to Compel is denied because Zyckowski's communications with Pleasantville Defendants' counsel are covered by the attorney-client privilege. Once Zyckowski's deposition resumes, this Opinion will not restrict Plaintiffs from inquiring about the factual information Zyckowski reviewed in preparation for his deposition, regardless of who provided him that information. However, since communications between a 30(b)(6) witness and counsel are distinct from the factual information conveyed, Plaintiffs' counsel may not inquire into these communications. Therefore,

**IT IS** this this **13th** day of **June 2023**;

**ORDERED** that Plaintiffs Ellena Damarr-Faruq, James La Marr, and TB Minor Child's Motion to Compel deposition testimony, ECF No. 57, is **DENIED**.

s/ Elizabeth A. Pascal<br>
ELIZABETH A. PASCAL<br>
United States Magistrate Judge

cc:  Hon. Karen M. Williams, U.S.D.J.